UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANNY TORRES,

    Plaintiff,

v.                                                                                                 Case No. 5:21-cv-21-RV-MJF

GEO GROUP, INC., *et al.*,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Danny Torres, DC# 945258, has filed a complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis*. (Doc. 3). The undersigned recommends that Torres's motion to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Torres is barred under § 1915(g) from proceeding *in forma pauperis* and he failed to pay the filing fee upon initiating this lawsuit.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.   BACKGROUND

Torres is an inmate of the Florida Department of Corrections currently confined at Bay Correctional Facility ("Bay CF"). (Doc. 1 at 2). Torres initiated this action on January 15, 2021, by filing a complaint under 42 U.S.C. § 1983. (*Id*. at 9 (certificate of mailing)). Torres is suing Geo Group, Inc. and three prison officials at Bay CF. He claims that Defendants violated his Eighth-Amendment right to be free from cruel and unusual punishments when Defendants operated Bay CF during the COVID-19 pandemic contrary to the "rules and regulations" of the Centers for Disease Control ("CDC") and other government agencies. (*Id*. at 6-8). Torres alleges that as a result of Defendants' operation of Bay CF, he contracted COVID-19 on an unspecified date in 2020 which caused him to "suffer" for approximately two weeks. (*Id*. at 8). Plaintiff seeks monetary damages totaling $5,000,000.00.

## II.   DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Torres's complaint discloses the following three cases that qualify as strikes under § 1915(g):

- *Torres v. Hansen*, No. 2:02-cv-508-JES (M.D. Fla. Oct. 18, 2002) (case brought pursuant to 42 U.S.C. § 1983 which was dismissed for failure to state a claim);

- *Torres v. Smith*, No. 2:04-cv-208-VMC-SPC (M.D. Fla. Apr. 9, 2004) (case brought pursuant to 42 U.S.C. § 1983 which was dismissed for failure to state a claim); and

- *Torres v. GEO Group Inc.*, No. 5:20-cv-287-TKW-MJF (N.D. Fla. Jan. 8, 2021) (case brought pursuant to 42 U.S.C. § 1983 which was dismissed as malicious for Torres's abuse of the judicial process).

(Doc. 1 at 4-5).

Torres, therefore, may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Torres's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).

Torres's allegation that he previously contracted COVID-19 due to Defendants not following "rules and regulations" published by the CDC fails to make a colorable showing that he is under imminent danger of serious physical injury. Because Torres is barred from proceeding *in forma pauperis* and failed to

pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree, supra*.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee in its entirety.

2.  The clerk of court close this case file.

At Panama City, Florida, this <u>19th</u> day of February, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**